RANDALL S. KENT (13273)
Assistant Utah Attorney General
DEREK E. BROWN (10476)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
Email:  rakent@agutah.gov

*Attorney for Defendants State of Utah and Governor Spencer Cox*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE ESTATE OF MAX AND JOYCE ELIASON; KYLIE ELIASON, TRUSTEE; BRITTNIE ELIASON, BENEFICIARY<br><br>Plaintiffs,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; DALLIN OAKS; THE UNITIED STATES DEPT OF JUSTICE; CHIEF JUDGE ROBERT SHELBY; THE STATE OF UTAH; GOVERNOR SPENCER COX; KIRTON McCONKIE, PC; JOHN AND JANE DOES TO BE ADDED<br><br>Defendants. | MOTION TO DISMISS AND MEMORANDUM IN SUPPORT<br><br><br>Case No. 1:25-CV-00021<br><br>Judge: Howard C. Nielson<br>Magistrate Judge: Cecilia M. Romero |

Defendants State of Utah and Governor Spencer Cox (collectively "State"), by and through counsel, and pursuant to Rules 8, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, hereby file this Motion to Dismiss and Memorandum in Support and move the Court to dismiss Plaintiffs' claims against them with prejudice.

## INTRODUCTION, REQUESTED RELIEF AND GROUNDS THEREFOR

Brett L. Eliason ("Brett"), whether in his own name or erroneously and without authority in the name of the estate of his parents (Max and Joyce Eliason), the name of his wife (Veronique Eliason), his children, and/or nieces and nephews, has filed no less than thirty (30) lawsuits in state and federal courts against multiple parties regarding the same set of underlying facts and issues involving the estate of Max and Joyce Eliason that have been previously fully adjudicated in more than one prior case.[1][2][3] Brett has been found to be a vexatious litigant in at least two state cases and in one federal case, as shown by the attached Vexatious Litigant Orders.[4]

Brett has a pattern in his numerous court filings. If Brett does not like a ruling or a filing in one case, he just files another suit against the judge and/or parties involved in the prior case, often using the name of the estate or of various relatives instead of his own name to purposely evade detection, instead of going through the appropriate appellate process. The federal court has noted this pattern in a report and recommendation to designate Brett's wife Veronique Eliason ("Veronique") as a Vexatious Litigant herself after numerous cases filed with her as the plaintiff bore "a striking resemblance to numerous cases filed by Veronique's husband, Brett Eliason" and were "consistently written from Brett's perspective—repeatedly referring to "my

---

[1] This Motion uses the first name of Brett L. Eliason and other first names for clarity as several members of the Eliason family are referenced in the Complaint and in this Motion.
[2] In Federal Court Case No. 1:24-cv-00148, Brett attached an "Exhibit Part 10" to the Complaint (attached herein as Exhibit 1 to this Motion) wherein he lists 30 cases that he has "filed over the past five years in both State and Federal courts". See page 7 of Exhibit 1. While some of the case numbers listed by Brett are duplicates, other filings not listed in that document, some of which were filed after that time, bring the total number to no less than 30.
[3] See Motion to Declare Brett L. Eliason a Vexatious Litigant, attached herein as Exhibit #2.
[4] Utah State Court Cases: No. 233902534; No. 230908673; Utah Federal District Court Case No. 2:23-cv-785-TS-CMR; Court Vexatious Litigant Order's attached herein as Exhibit #3.

2

wife, Veronique" and "my parents' estate."[5] The court in that case subsequently adopted the report and recommendation designating Veronique as a restricted filer.[6] Now that Veronique has been listed herself as a restricted filer, Brett has continued using the name of the estate, as well as the names of Kylie and Brittnie Eliason now as his fictitious Plaintiffs in the present case in order to purposely evade those restrictions. Those restrictions would have prevented Brett from filing this Complaint without the consent of the Chief District Judge, which consent was not given in this case.[7]

Even if the Complaint was not subject to the restricted filer restrictions, the Complaint is deficient against the State for the following additional reasons: (1) it fails to allege proper standing for subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and it fails to establish the existence of federal question jurisdiction or diversity jurisdiction; (2) the allegations contained in the Complaint are barred by the Rooker-Feldman doctrine as lower federal courts are prohibited from adjudicating cases brought by state-court losing parties challenging state-court judgments; (3) both Governor Cox and the State of Utah retain governmental immunity under the provisions of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63G-7-101, et seq.; (4) Plaintiffs' claims are time barred, and Plaintiffs have also failed to comply with the notice of claim requirements of Utah Code Ann. §§ 63G-7-401, et seq; (5) the Complaint is deficient under Fed. R. Civ. P. 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief", and; (6) the Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

---

[5] *See* Report and Recommendation to Designate Veronique Eliason a Restricted Filer, Case No. 1:24-cv-00148, attached herein as Exhibit #4.
[6] Attached herein at Exhibit #5.
[7] *See* footnote #4.

Based on the above, Plaintiffs' claims against the State should be dismissed with prejudice.

## STATEMENT OF RELEVANT FACTS

1. The Complaint purports to be filed on the behalf of "The Estate of Max and Joyce Eliason". *See* Complaint, ¶ 1 (page 6 of the Complaint)

2. The Complaint states that both Max and Joyce Eliason are dead. *See* Complaint, ¶¶ 1 and 4 (pages 6 and 11 of the Complaint).

3. The Complaint lists Brett L. Eliason as the first named Plaintiff under the "Parties, Jurisdiction, and Venue" section, despite not listing him as a Plaintiff in the caption of the case. *See* Complaint, ¶ 2 (pages 1 and 6 of the Complaint).

4. The Complaint lists Veronique Eliason as the second named Plaintiff under the "Parties, Jurisdiction, and Venue" section, despite not listing her as a Plaintiff in the caption of the case. *See* Complaint, ¶ 3 (pages 1 and 6 of the Complaint)

5. The Complaint states that Plaintiff Kylie M. Eliason was a minor at the time of the alleged tortious behavior, and it lists her as a Plaintiff. *See* Complaint, ¶ 4 (page 6 of the Complaint).

6. The Complaint states that Plaintiff Brittnie L. Eliason was a minor at the time of the alleged tortious behavior, and it lists her as a Plaintiff. *See* Complaint, ¶ 5 (page 7 of the Complaint).

7. Plaintiff's Kylie and Brittnie Eliason are the only two named Plaintiff's in the US District Court Docket for the present case, each listed as representing themselves.

8. The Complaint is not signed by anyone at all. While the Complaint is also not signed by either Kylie or Brittnie Eliason, their typed names do appear alone on a separate page at the end of the Complaint. *See* Complaint, page 29.

9. The Complaint lists State of Utah as a named Defendant in the caption of the case (and in the court docket), but under the "Parties, Jurisdiction, and Venue" section, it does not list the State of Utah as a separate defendant. *See* Complaint, (pages 6-8 of the Complaint).

10. The Complaint lists State of Utah as a named Defendant in the caption of the case (and in the docket), but under the "Parties, Jurisdiction, and Venue" section, it does not list the State of Utah as a separate defendant. *See* Complaint, (pages 6-8 of the Complaint).

11. The Complaint never mentions the State of Utah, or any alleged actions of the State, in any of the general allegations or causes of action in the Complaint. *See* Complaint, (pages 8-29 of the Complaint).

12. The Complaint lists Governor Spencer Cox as a named Defendant in the caption of the case (and in the docket), and it lists him as a named Defendant under the "Parties, Jurisdiction, and Venue" section. *See* Complaint, (pages 7-8 of the Complaint).

13. The Complaint only references Governor Spencer Cox in a single instance in the entire Complaint, he is listed as a party in ¶ 9 of the Complaint, which states in full: "Defendant Spencer Cox is the current governor of the State of Utah, and who was served with a complaint against him in 2024 due to his refusal to appoint the Attorney General Sean Reyes to prosecute this matter as would be required by law. Furthermore, he has yet to respond to the complaint proving he feels himself above the law, while dismissing the 21-day response requirement like everyone else in the country must obey."

14. The Complaint never mentions Governor Spencer Cox, or any alleged actions of the Governor, in any of the general allegations or causes of action in the Complaint. *See* Complaint, (pages 8-29 of the Complaint).

15. The Complaint only references Defendant the United States Department of Justice ("DOJ") in a single instance in the entire Complaint, they are listed as a party in ¶ 8 of the Complaint, and the only allegations against them are that they "refused to uphold the constitution and appoint an honest judge or a prosecuting attorney to this case".

# ARGUMENT

### I. Brett L. Eliason has been found both in State and in Federal court to be a vexatious litigant and is currently a restricted filer. Brett drafted this Complaint purposely to evade detection by the Court and as such the Complaint should be dismissed.

Brett has been found both in State and in Federal Court to be a vexatious litigant and is currently a restricted filer. Brett has named over 100 persons as defendants, including at least three (3) federal and state judges and ninety-two (92) attorneys (both his own, opposing counsel, and attorneys unconnected with him in any way). And all arising out of the same facts and circumstances that have been disposed of against him time and time again. He refuses to listen to the Court. Brett is well aware that his prior lawsuits concern the same underlying facts, and he is well aware of his more recent restricted filing status. Despite that, Brett has still filed no less than thirty (30) lawsuits in state and federal courts against multiple parties regarding the same set of underlying facts and issues involving the estate of Max and Joyce Eliason that have been previously fully adjudicated in more than one prior case,[8] and was (more or less) originally filed

---

[8] *See* footnotes #2-4.

on March 6, 2019 and was dismissed by Judge Adam Mow in the Utah Third Judicial District Court on February 20, 2020.[9]

As discussed above, Brett has a pattern in his numerous court filings. If Brett does not like a ruling or a filing in one case, he just files another suit against the judge and/or parties involved in the prior case, often using the name of the estate or of various relatives instead of his own name to purposely evade detection, instead of going through the appropriate appellate process. A perfect example of that process, only one of many such examples, was on full display in the Utah District Court Case No. 2:23-cv-785-TS-CMR. In that case Judge Ted Stewart authored a Memorandum Decision and Order Granting [defendant's] Motions to Dismiss and Entering a Vexatious Litigant Order against Brett.[10] That case is illustrative because since Case No. 2:23-cv-785-TS-CMR was filed on October 30, 2023, Brett filed four additional cases in the United States District Court for the District of Utah, all of which contained claims based on the rulings in Case No. 2:23-cv-785-TS-CMR, before the Vexatious Litigant Order was even filed.[11] Then, almost immediately after the court told Brett that he was a restricted filer, a case listing Veronique as the Plaintiff was filed, Case No. 1:24-cv-00095, raising the same allegations that Brett raised previously.[12] Then, when Case No. 1:24-cv-00095 case didn't go the way Brett wanted it, another case with Veronique listed as the Plaintiff was filed, Case No. 1:24-cv-00148, raising similar claims and allegations.

---

[9] *See Eliason v. Kirton McConkie, et al.*, in the Third Judicial District Court (Case No. 190901906)
[10] *See* Footnote #4.
[11] Case Nos. 2:24-cv-00064-HCN, 2:24-cv-00072-HCN-JCB, 2:24-cv-00097-RJS-DAO, 2:24-cv-00115-TC-DBP
[12] The Vexatious Litigant Order in Case No. 2:23-cv-785-TS-CMR was filed on May 29, 2024, and "Veronique's" Case No. 1:24-cv-00095 was filed 5 days later on June 3, 2024.

7

In Utah District Court Case No. 1:24-cv-00148 Magistrate Judge Daphne A. Oberg noted this pattern of Brett's in her Report and Recommendation to designate Brett's wife Veronique Eliason ("Veronique") as a Vexatious Litigant herself after numerous cases filed with her as the plaintiff bore "a striking resemblance to numerous cases filed by Veronique's husband, Brett Eliason" and were "consistently written from Brett's perspective—repeatedly referring to "my wife, Veronique" and "my parents' estate."[13]

The current case bears the same pattern. Following his failure in Utah District Court Case No. 1:24-cv-00148, Brett has now filed a new case with the exact same parties, Governor Spencer J. Cox, and the State of Utah, under the exact same theories of civil conspiracy, theft, breach of fiduciary duty, intentional and/or negligent infliction of emotional distress, and vicarious liability. Brett has only switched the named plaintiff of Veronique (his wife) in the last case to the names of Kylie and Brittnie Eliason (his children and/or nieces) in the present case.

Brett is still the one drafting all the pleadings in the present case, as can be easily seen by the following facts: (1) He has listed himself and his wife as the second and third named Plaintiffs after the estate; (2) the allegations are identical to prior cases; (3) the Complaint specifically repeatedly references a single "plaintiff" as opposed to plaintiffs; (4) the Complaint is consistently written from Brett's perspective (addresses events that happened when Kylie and Brittnie were minors, uses "his" when referencing the Plaintiff, talks about Brett's business relationships, talks about fiduciary relationships and conflicts of interest that only existed (purportedly) with Brett, specifically references Brett's past legal cases, etc., and (5) Most incriminating of all, page 30 of the Complaint is the coversheet for Exhibit A of the Complaint, it

---

[13] *See* Report and Recommendation to Designate Veronique Eliason a Restricted Filer, Case No. 1:24-cv-00148, attached herein as Exhibit #4.

states "Copy of the first few pages written by plaintiff seeking the involvement of the trump [sic] administration in bringing justice to the criminals as described in the thousands of pages in the related matters to this case over the past six years and counting." *See* Complaint, page 30. It literally states, "pages written by **plaintiff**", "**thousands** of pages filed in related matter to **this** case over the past **six years and counting.**" *Id* (emphasis added). And on the very next page of the Complaint, page 31, we see the following:

DEAR PRESIDENT TRUMP
I AM AGRIEVED
BRETT L. ELIASON

It is now abundantly clear that Brett has continued using the name of the Estate, as well as the names of Kylie and Brittnie Eliason now as his fictitious Plaintiffs in the present case in order to purposely evade those his own restrictions as a Vexatious Litigant. Those restrictions would have prevented Brett from filing this Complaint without the consent of the Chief District Judge, which consent was not given in this case.[14] As a result, this Court should dismiss the claims against Defendants State of Utah and Governor Spencer Cox with prejudice and should impose any sanctions on Brett as the Court sees fit.

## II.  This Court does not have subject matter jurisdiction in this matter, and as such it should dismiss Plaintiffs' claims pursuant to Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quoting *Morris v. City of Hobart,* 39 F.3d 1105, 1111 (10th Cir.1994)). There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C.A. § 1332 and federal-question jurisdiction under 28 U.S.C.A. § 1331. *Id.* "Federal-question jurisdiction exists

---

[14] *See* footnote #4.

for all claims 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C.A. § 1331). "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id.* Further, to bring a case under either jurisdictional basis, a Plaintiff must establish that it has standing to do so. *Schaffer v. Clinton*, 240 F.3d 878, 882 (10th Cir. 2001). To establish standing, a plaintiff must demonstrate that it (1) suffered an "injury in fact" which is "actual or imminent, not conjectural or hypothetical," (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

In the present case, as a threshold matter neither Brett, nor Kylie and Brittnie Eliason have standing to bring this case on behalf of Brett's parents' estate. It is Brett's burden, or alternatively Kylie's and Brittnie's, to "as the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Schaffer*, 240 F.3d at 883. Plaintiffs allege no facts demonstrating they are the proper party to bring these claims on behalf of the Estate. Plaintiffs allege no facts demonstrating they are the proper party to bring these claims on behalf of Max or Joyce Eliason, who are deceased. Kylie and Brittnie allege no facts that they are the proper party to invoke judicial resolution of this matter, or that they were owed a fiduciary duty by anyone (as opposed to Brett). Furthermore, neither Brett, nor Kylie, nor Brittnie are licensed attorneys, and they cannot appear in court in a representative capacity for another person or entity in any event. Brett has no standing or authority to bring this lawsuit on behalf of the named parties. As such, Plaintiffs cannot establish that they have "suffered an injury in fact". In the case of the State

Defendants Plaintiffs cannot establish a casual connection between the injury and the conduct on the part of the State Defendants complained of. Lastly, Plaintiffs cannot show that it is likely that a favorable decision against State Defendants will redress their injuries."

Accordingly, this Court has no jurisdiction over Brett's claims, and the claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Separate from standing, to qualify for federal jurisdiction, a plaintiff must either plead diversity jurisdiction, or the plaintiff must submit a "well-pleaded complaint [which] establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Eliason v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 1:20-CV-24-RJS-DBP, 2020 WL 4673743, at *3 (D. Utah Aug. 12, 2020). Brett is aware of this standard because he has previously had a complaint dismissed by that Court for failure to properly state a claim as he failed to demonstrate that a federal question existed. *Id.*

In the present case Plaintiffs appear to try and solve this issue by naming the United States Department of Justice ("DOJ") as a named Defendant in order to invoke diversity jurisdiction. The Complaint only references the DOJ in a single instance in the entire Complaint, and the only allegations against them are that they "refused to uphold the constitution and appoint an honest judge or a prosecuting attorney to this case". Given that the DOJ has no direct role in appointing either judges or federal prosecutors (these roles are reserved for the President and the Senate in their constitutional duties), this is a transparent attempt to invoke diversity jurisdiction. The Court should reject this attempt and find that this Court lacks subject matter jurisdiction over these claims and the claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

  **III. The allegations contained in the Complaint are barred by the Rooker-Feldman doctrine as lower federal courts are prohibited from adjudicating cases brought by state-court losing parties challenging state-court judgments;**

 The well-known *Rooker–Feldman* doctrine, applied by the Supreme Court of the United States, first in *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), then, 60 years later, in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), prevents lower federal courts from reviewing final decisions of state courts. While Brett has may not have specifically asked this Court to review one of his many prior cases, the *Rooker-Feldman* doctrine specifically prohibits a lower federal court from considering claims actually decided by a state court and claims, whether raised in state court or not, that are "inextricably intertwined" with a prior state-court judgment such that the federal court "is in essence being called upon to review the state court decision." *Feldman*, 460 U.S. at 482 n.16. This interpretation has been explicitly endorsed by the Tenth Circuit Court in *Snyder v. Goble*, No. 24-4009, 2025 WL 484876 (10th Cir. Feb. 13, 2025), who affirmed the district court's judgments dismissing Snyder's complaints for lack of subject matter jurisdiction and the district court's order designating him a vexatious litigant and imposing filing restrictions.

 Similarly, the Court in this case should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

  **IV. Both Governor Cox and the State of Utah retain governmental immunity under the provisions of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63G-7-101, et seq.;**

 The Complaint specifically names Governor Spencer Cox as a defendant. A suit against an officer in his official capacity is the equivalent of suing the entity which he represents. *See Hafer v. Melo*, 502 U.S. 21, ——, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301 (1991); "Sovereign immunity was a settled feature of the common law when Utah became a state and adopted its

constitution." *Tiede v. State*, 915 P.2d 500, 504 (Utah 1996); *accord Asset Acceptance LLC v. Utah State Treasurer*, 2016 UT App 25, ¶¶ 6-7, 367 P.3d 1019 ("Sovereign immunity – the principle that the state cannot be sued in its own courts without its consent – was a well-settled principle of American common law at the time Utah became a state."). "The Utah Legislature codified the doctrine of sovereign immunity in the Immunity Act," *Asset Acceptance LLC,* 2016 UT App 25, ¶ 7, which "barred all causes of action against the state and its political subdivisions unless expressly authorized by statute." *Tindley v. Salt Lake City Sch. Dist.*, 2005 UT 30, ¶ 9, 116 P.3d 295, *holding modified by Moss v. Pete Suazo Utah Athletic Comm'n*, 2007 UT 99, ¶ 9, 175 P.3d 1042.

The Immunity Act, Utah Code Ann. § 63G-7-101 *et seq.,* "establishes the parameters under which parties may bring suit against governmental entities [or employees] for injuries." *Greene v. Utah Transit Auth.*, 2001 UT 109, ¶ 11, 37 P.3d 1156. This "comprehensive" statute "applies to all functions of government, no matter how labeled," Utah Code Ann. § 63G-7-101(2)(a), and "'governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority.'" *Craig v. Provo City*, 2016 UT 40, ¶ 15, 389 P.3d 423 *(quoting* Utah Code Ann. § 63G-7-101(2)(b)*)*.

Governmental immunity is an immunity from suit and not just a defense to liability. *Mecham v. Frazier*, 2008 UT 60, ¶ 13, 193 P.3d 630. That kind of immunity gives governmental entities the right to avoid the "burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). "[T]he codification of sovereign immunity mandates stringent enforcement, since it is through the Governmental Immunity Act that the legislature has recognized the necessity of immunity as essential to the protection of the State in rendering the

13

many and ever-increasing number of governmental services." *Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 14, 24 P.3d 958 *(*internal quotation marks and citation omitted*).*

The Immunity Act sets forth in precise terms the circumstances under which sovereign immunity is retained or waived.  Except as otherwise provided by the Immunity Act, "each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function." Utah Code Ann. § 63G-7-201(1).  In the present case, neither Governor Spencer Cox nor the State of Utah have waived governmental immunity from suit, and Plaintiffs do not allege any causes of action in their Complaint against Governor Cox or the State of Utah that would waive immunity by statute. As such, the Complaints claims against State should be dismissed.

> **V.    Plaintiffs' claims are time barred, and Plaintiffs have also failed to comply with the notice of claim requirements of Utah Code Ann. § 63G-7-401, et seq;**

Under provisions of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63G-7-401, et seq., "Any person having a claim against a governmental entity, or against the governmental entity's employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority shall file a written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental." *See* Utah Code Ann. § 63G-7-401(2).  "A claim against a governmental entity, or against an employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority, is barred unless notice of claim is filed with the person and according to the requirements of Section 63G-7-401 within one year after the claim arises regardless of whether or not the function giving rise to the claim is characterized as governmental." *See* Utah Code Ann. § 63G-7-402.

14

In the present case Plaintiffs did not file a timely notice of claim against the State, and the Complaint never alleges that they did. As such, they are time barred and this Court should dismiss the claims against Defendant Governor Spencer Cox and Defendant State of Utah

### VI. The Complaint is deficient under Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief"

Plaintiff's Complaint should also be rejected because it fails the pleading requirements found in Fed. R. Civ. P. 8. Rule 8 requires a complaint contain a "short and plain" statement, showing that the plaintiff is "entitled to relief." Fed. R. Civ. P. 8(a). Additionally, the Rule also requires that each allegation made in the complaint "be simple, concise, and direct." Fed. R. Civ. P. 8(d).

"Under Rule 8, the complaint should contain 'a short and plain statement of the claim'— 'plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted,' and 'short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it." *Carbajal v. City & Cnty. of Denver*, 502 F. App'x 715, 716 (10th Cir. Sept. 25, 2012) (ord. & j. not selected for publication) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

"Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8." *Strege v. McDonalds*, No. 13-CV-01947-REB-KMT, 2013 WL 5890575, at *1 (D. Colo. Nov. 4, 2013) (ord. & j. not selected for publication), rep. & recommendation adopted by *Id.* at 1. When a complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised," *Franke v. Midwestern Okla. Dev. Auth.*, 428 F. Supp. 719, 721 (W.D. Okla. 1976), rev'd on other grounds sub nom., *Cronin v. Midwestern Okla.*

*Dev. Auth.*, 619 F.2d 856 (1980) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)), then dismissal of the complaint is proper. *Mitchell v. City of Colorado Springs, Colo.*, 194 F. App'x 497, 498 (10th Cir. 2006) (ord. & j. not selected for publication). "When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint are presumed, but conclusory allegations need not be considered." *Palacios v. Salt Lake City Police Dep't*, No. 2:20-CV-714-DBB-DAO, 2021 WL 1192536, at *1 (D. Utah Mar. 30, 2021).

In this case, the Court should dismiss Plaintiff's Complaint for failure to comply with Fed. R. Civ. P. 8. The adjectives used by courts to describe other long and winding complaints— "prolix," "vague," "verbose," and "redundant"—all apply here. The Complaint runs 42 pages, with the exhibit, consisting mainly of conclusions and inflammatory allegations. The Complaint lodges unsupportable insults towards the Department of Justice, the State of Utah, Governor Spencer Cox, numerous judges, and just about everyone who has ever disagreed with Mr. Brett Eliason's view of the case. A complaint of this nature violates Rule 8. *See*, e.g., *Scott v. Provo City*, No. 2:15-cv-00661, 2016 WL 4367217, at * 4 (D. Utah June 17, 2006) (rep. & recommendation not selected for publication) (concluding that a sixty-page complaint with over 200 facts failed to comply with Rule 8). Further, to require the State to sift through the Complaint and to respond to allegations arising from twelve different causes of action, and over 12 years of case history, none of which involve Defendant State of Utah or Governor Spencer Cox in any way, despite Plaintiff alleging them against "All Defendants", would place an "unjustified burden" on State. *See Carbajal*, 502 F. App'x at 716. Therefore, the Complaints claims against State should be dismissed.

**VII. The Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6)**

"[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "In applying this new, refined standard, we have held that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* at 1191 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "Courts do not assume as true allegations that are legal conclusions, formulaic recitations of elements, or naked assertions devoid of further factual enhancement." *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1303 (10th Cir. 2021).

Although not entirely clear, Plaintiffs' Complaint appears to charge Defendant State of Utah and Defendant Governor Spencer J. Cox only with failure to direct the Utah Attorney General (listed as Sean Reyes in the Complaint, when Derek Brown is/was the Utah Attorney General at the time the Complaint was filed) to civilly prosecute Brett's personal enemies. There is not a single mention anywhere else in the Complaint of what the State did that harmed Plaintiff. Any claims that include "All Defendants" lack any suggestion that they should include the State. As a matter of law, it is clear that neither the State nor Governor Spencer J. Cox ever had a duty to intervene in Brett's private civil lawsuits. Furthermore, Plaintiffs Complaint fails to even plead that the State owed any duty to them. There is nothing in the Complaint that would give rise to a duty owed by the State to the Plaintiffs regarding either the estate or alleged breach of fiduciary duties. Given that Plaintiffs failed to plead any elements of any claims of action

against either the State of Utah or Governor Spencer J. Cox, Plaintiffs' claims against the State fail as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as the Plaintiffs have failed to state a claim against State.

## **CONCLUSION**

For all the reasons stated above, Defendants State of Utah and Governor Spencer J. Cox request that Plaintiff's Complaint be dismissed with prejudice and further ask that the Court impose any sanctions on Brett as the Court sees fit.

DATED this 14th day of March 2025.

                                      DEREK E. BROWN
                                      Utah Attorney General

                                      /s/ *Randall S. Kent*
                                      RANDALL S. KENT
                                      Assistant Utah Attorney General
                                      *Attorney for Defendant School District*