# EXHIBIT #3

The Order of the Court is stated below:
Dated: March 11, 2024    /s/ KARA PETTIT
09:50:24 AM             District Court Judge

3RD DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE TRUST OF<br><br>MAX D ELIASON | RULING<br>RULE 83 VEXATIOUS LITIGANT ORDER<br><br>Case No: 233902534<br>Judge: KARA PETTIT<br>Date: March 9, 2024 |

Before the court is Defendants' Kirton McConkie PC, Craig McCullough, Lisa Stephens, Bryan Stephens, and The Corporation of the President of The Church of Jesus Christ of Latter-day Saints Motion to Declare Brett L. Eliason a Vexatious Litigant, which has been fully briefed and was submitted to the court for decision on 1/16/24, and submitted again for decision on 2/13/24 after the stay was lifted upon the presiding judge's denial of Petitioner's 1/16/24 motion to recuse this court. (Mark Eliason, Laurie Eliason and Eliason Enterprises, LLC also were listed as movants, but they are not named as defendants in the amended complaint filed on 12/11/23, and thus, are not parties in the action before this court.)

Pursuant to Rule 83 of the Utah Rules of Civil Procedure, the court may "on its own motion or on the motion of any party, enter an order requiring a vexatious litigant to:
(1) furnish security to assure payment of the moving party's reasonable expenses, costs and, if authorized, attorney fees incurred in a pending action;
(2) obtain legal counsel before proceeding in a pending action;
(3) obtain legal counsel before filing any future claim for relief;
(4) abide by a prefiling order requiring the vexatious litigant to obtain leave of the court before filing any paper, pleading, or motion in a pending action;
(5) abide by a prefiling order requiring the vexatious litigant to obtain leave of the court before filing any future claim for relief in any court; or
(6) take any other action reasonably necessary to curb the vexatious litigant's abusive conduct."

Utah R. Civ. P. Rule 83(b).

"Prior to entering an order under subparagraph (b), the court must find by clear and convincing evidence that:
(A) the party subject to the order is a vexatious litigant; and
(B) there is no reasonable probability that the vexatious litigant will prevail on the claim."

Utah R. Civ. P. Rule 83(c).

1.THE COURT FINDS BY CLEAR AND CONVINCING EVIDENCE BRETT ELIASON IS A VEXATIOUS LITIGANT:

The court "may find a person to be a 'vexatious litigant' if the person, with or without legal representation ... (B) After a claim for relief or an issue of fact or law in the claim has been finally determined, the person two or more additional times re-litigates or attempts to re-litigate the claim, the issue of fact or law, or the validity of the determination against the same party in whose favor the claim or issue was determined." Utah R. Civ. P. Rule 83(1)(B).

In Case No. 190901906, Brett Eliason asserted twelve claims for relief against Kirton McConkie, Craig McCullough, Lisa Stephens, Mark Eliason, Laurie Eliason, Bryan Stephens, Eliason Enterprises, LLC, and Eliason Eight, LLC.  The claims included:  Civil Conspiracy, Theft, Breach of Fiduciary Duty, Intentional and/or Negligent Infliction of Emotional Distress, Accounting, Tortious Interference with Economic Relations, Declaratory Relief regarding Trustee of Trusts and Estates, Punitive Damages, Violation of Trustee Duties, Conflict of Interest, Negligence, and Vicarious Liability. The issues of fact or law presented by the claims included allegations of:  a conspiracy starting in 2013 to wrongfully gain control of the assets of Joyce and Max Eliason, including their trusts, by in part having Joyce execute documents contrary to her intent, liquidating the assets of Max upon Joyce's death, transferring and draining millions of dollars of assets for their own benefit; drafting trust amendments that were against the interests of Max and violated the trust terms; Kirton McConkie and McCullough breaching fiduciary duties by representing Lisa Stephens in conflict to the interests of former clients Max and Brett Eliason and allowing Lisa and Bryan Stephens and Craig McCullough, among others, to improperly control the trust and estate assets and companies; Lisa and Bryan also breaching fiduciary duties by diverting assets and underreporting income; failing to provide relevant information regarding trust assets and distributions.  The claims included a request for an accounting from Lisa Stephens as trustee and the court appointed guardian/conservator of Max and also asserted McCullough was improperly acting as trust protector; the claims also included factual assertions that defendants willfully acted to prevent Brett Eliason from succeeding in his business enterprise My 3-D Me, LLC; the complaint sought declaratory judgment that Lisa Stephens was not the proper sole trustee and claimed she engaged in self-dealing and she be removed; the complaint also asked the court to disqualify Kirton McConkie from representing any of the defendants; the complaint also alleged Bryan Stephens performed accounting services in a negligent manner for the trusts.

Mr. Brett Eliason filed motions in Case No. 190901906 asking the court to include criminal claims in the case or refer the matters to the prosecuting agency, and to compel Kirton and McConkie to provide a legal basis for its representation of the various defendants.

The court in Case No. 190901906 (Judge Mow) dismissed all of the claims with prejudice on 2/20/20, and denied all of Mr. Eliason's motions.  Thereafter, Mr. Eliason attempted to relitigate the same claims, and/or issues of fact or law, against the same defendants named in Case No. 190901906 in whose favor the claims or issues were determined by Judge Mow, or attempted to relitigate the validity of the dismissals of the claims in the following cases:

1. Case No. 183901323 (Estate of Joyce Eliason case) - see motion filed 8/12/20 (Dkt. 48), dismissed on 10/7/20; TRO request filed 8/30/23 (Dkt. 65), denied on 8/31/23; and request to remove Lisa Stephens as personal representative filed 1/22/24 (Dkt. 82).

2. Utah Federal court case 1:20-cv-00024 - the Amended Complaint asserted claims against all of the same defendants named in Case No. 190901906, plus numerous other parties; the claims included the same claims dismissed by Judge Mow, many of the same alleged issues of fact or law, and the Federal court claims were similarly dismissed with prejudice by the Utah Federal Court on 9/4/20.

3. Colorado Federal court case 1:2020-cv-00959 - the complaint asserts claims against the Utah Federal judges who were involved in dismissing the claims in the Utah Federal court case, and restates the allegations of conspiracy, embezzlement, Trust mismanagement, breach of fiduciary duties alleged in the Judge Mow case 190901906, alleging the Federal court judges were concealing the wrongdoings of the defendants named in the Judge Mow case.  This case was dismissed on 10/20/22.

4. Hawaii Federal court case 1:2020-cv-00257 - the complaint named as defendants the Utah Federal judges involved in dismissing the claims in Utah Federal court case 1:20-cv-00024, as well as most

of the defendants that were named in the Judge Mow case (Kirton McConkie, Craig McCullough, Lisa Stephens, and Bryan Stephens), asserting the same claims of conspiracy, embezzlement and Trust/estate mismanagement. The case was dismissed on 7/13/20.

5. Northern District of Texas Federal court case 3:2020-cv-02747, the complaint named Kirton McConkie, Craig McCullough, Lisa Stephens, and Bryan Stephens, among others, as defendants, asserting the same claims of conspiracy, embezzlement and Trust/estate mismanagement. The case was dismissed on 3/26/21.

6. Case No. 190901999 - the Petition for Preliminary Injunctive Relief filed 3/8/19 named Kirton McConkie, Craig McCullough, Lisa Stephens, and Bryan Stephens, among others, asserting the same claims of conspiracy, embezzlement and Trust/estate mismanagement. The case was dismissed on 10/7/19.

7. Case No. 230905835 - amended complaint names Lisa Stephens and Mark Eliason, among others, as defendants, asserting Lisa refused to provide an accounting of financial information as trustee of the Trusts, and requesting a judgment in favor of Brett Eliason for her actions as a trustee for all sums that have not been properly distributed to Brett. The case was dismissed on 1/29/24.

8. Utah Federal Court case 2:23-cv-00785 - the complaint names Kirton McConkie, among others, as defendants, and asserts criminal and intentional breach of fiduciary duties related to the same claims of conspiracy, embezzlement and Trust/estate mismanagement.

9. Case No. 230908673 - complaint names Kirton McConkie, Lisa Stephens, Mark Eliason, Eliason Enterprises, LLC, and Eliason Eight, LLC, asserting the entities should be dissolved based in part on the same fraud and conflicts of interest alleged in the Judge Mow case, and seeks to have defendants criminally prosecuted for their conduct concerning the Trusts.

10. Case No. 230908873, complaint names Bryan Stephens as defendant, and asserts the same claims against him as an accountant for the Trusts and the estates of Joyce and Max that were dismissed by Judge Mow in Case 190901906.

11. Case No. 230908382, complaint names McCullough and Kirton McConkie as defendants, asserting the same claims of breach of fiduciary duty and conflicts of interest related to the Trusts and estate of Joyce and Max Eliason as asserted in Case 190901906.

The filings by Brett Eliason listed above are his attempts to relitigate the claims, issues of fact or law or the validity of the dismissal of the claims in Case No. 190901906 and similar dismissals in the later-filed cases. Each filing starts with the core that Brett Eliason seeks to attack the Movants for their roles dating back to 2013 in the amending of Max and Joyce's estate planning documents and the subsequent administration of the estates and trusts, including the businesses owned and/or managed by these trusts. Each seeks to wrest control back to Brett of the estates, trusts, and assets of Max and/or Joyce. Each seeks damages against these same Movants for the same claims, relief and harms that were adjudicated in Case No. 190901906. Thus, after the claims for relief, issues of fact or law were finally determined in Case No. 190901906, Brett Eliason on at least 11 occasions attempted to re-litigate the claims, issues of fact or law, or the validity of the determination against the same defendants in whose favor the claims or issues were determined. The court finds by clear and convincing evidence that Brett Eliason is a vexatious litigant as defined in Utah R. Civ. P. Rule 83(a)(1)(B).

2. THE COURT FINDS BY CLEAR AND CONVINCING EVIDENCE THERE IS NO REASONABLE PROBABILITY THAT THE VEXATIOUS LITIGANT WILL PREVAIL ON THE CLAIMS IN THIS ACTION:

In addition to finding that Brett Eliason is a vexatious litigant, the court cannot issue an order under Rule 83(b) unless the court finds that there is no reasonable probability that Mr. Eliason will prevail on the claims in this action. UTAH R. CIV. P. 83(c).

The court finds by clear and convincing evidence that Mr. Eliason does not have a reasonable probability of prevailing on the claims in this case.

First, the court recently dismissed the claims against Judge Faust and Parsons, Behle and Latimer in this action. Second, Movants appear to be correct in asserting the remaining claims are subject to dismissal under res judicata principles. Third, Brett Eliason has filed claims purportedly as the "Personal Representative, and Trustee for the Estate of Joyce & MAX ELIASON." Motion Response, p.1 (emphasis in original). However, it is a matter of court record and judicial notice that, pursuant to court orders, Lisa Stephens is the Personal Representative of the estate of Joyce Eliason as well as the Guardian and Conservator of Max Eliason. See Case No. 183901323 and Case No. 193900932. Thus, Brett Eliason has no authority to bring claims on behalf of the Estate of Joyce Eliason nor Max Eliason.

Consequently, the court finds and concludes that Mr. Eliason does not have a reasonable probability of prevailing on the claims in this action.

3. CONSIDERATIONS FOR SCOPE OF ORDER:

During the past four years, Mr. Eliason has caused the consumption of an enormous amount of judicial and litigant resources, not only in Utah State courts, but in the Federal court system in Utah, Colorado, Hawaii and Texas, by attempting to litigate and relitigate the same dismissed claims and issues. The disturbing pattern exhibited by Mr. Eliason's filings demonstrate that instead of pursuing the available appeal avenues in the wake of an adverse ruling, he instead refiles claims, sometimes including as a defendant, the judge who ruled against him in the prior action, in an attempt to achieve a different result, imposing significant costs upon the courts and litigants. Moreover, his filings in the numerous State and Federal cases reviewed by this court are often unintelligible and consistently replete with immaterial, impertinent, and scandalous matters. A very small sampling and examples of such matters include the following:

"Dallin Oaks political ties and allegations of his association with the CIA and as a leader of the Mormon Mafia should be thoroughly investigated along with a complete transparency as to the financial dealings of the LDS Church to verify that Brother Oaks does not have any intentions of using the hundreds of billions of dollars to fund the "New World Order" as conspiracy theorists have been alleging for years." Motion to Submit the Attached Exhibits as Newly Discovered Fraudulent Documents Which Have Been Submitted to the Probate Court by Craig McCullough of Kirton McConkie Law Offices as Part of the Estate Planning Process and/or Estate Embezzlement Process and Motion to Request that Judge Adam Mow Either Include this Lawlessness in the Subject Complaint or to Refer the Matter to the Appropriate District Attorney for Prosecution Since the Plaintiff is Pro Se with No Legal Background Who Assumed Kirton McConkie Had a Fiduciary Duty to His Parents and Not to His Brother in Law Bryan Stephens (Dkt. 119) Case No. 190901906.

"I will not include the hundreds of pages and exhibits which have been filed in the United States District Court for the District of Utah which includes a 250 page complaint with over 50 felony allegations to which the Defendants have yet to provide one answer and I am preparing numerous exhibits of over 3,000 pages of supporting evidence for what tragic events have transpired at the

expense of my dear parents who deserved to be treated with dignity and respect and who have instead been treated to the program of "Kill Her and Con ME" from the law Offices of Kirton McConkie." Motion To Compel The Third District Court Of Utah To Appoint A Receiver And Complete A Forensic Audit On Every Transaction And Document That Has Been Fraudulently Created Over The Past Seven Years As Part Of The Estate Planning Process Of Max And Joyce Eliason. Motion To Have This Matter Deemed Unconstitutional And Appointed To A District Attorney For Criminal Prosecution Of Over 50 Felony Crimes Identified Over The Past Seven Years. Motion To Compel The Third District Court To Recognize The Victims' Rights As Per The General Assembly Resolution 40/34 As It Pertains To Gross Violations Of Civil Rights Through The Abuse Of Power Of Office Of Both Political And Religious Leaders Motion To Compel The Court To Recognize The "Smoking Gun" On Page One Highlighted In Red Wherein The Laws Of "Res Ipsa Loquitur" Demand That The Burden Of Proof Be Placed Upon The Defendants To Explain How Lisa Stephens Can Legally Be The Sole Trustee Of The Trusts To Which Max D Eliason Is The Lawful Successor Trustee (Dkt. 28) Case No. 183901323.

"The allegations herein as to the facts that the leaders of the LDS Church have decided to "Serve Mammon instead of God" are supported by the report to the Internal Revenue Service" by Lars Neilson as a Whistleblower and insider of Ensign Peak Advisors wherein he disclosed an inactive Account that had accumulated over $100,000,000,000 (One Hundred Billion) within this "501-C3" Corp and which has reported earnings of $15,000,000,000 (Fifteen Billion ear) while returning a very questionably non-existent amount of just $50 Million annually to the good of the public (and they are accused of embezzling $200 Million from the Eliason's." Complaint naming only Judge Shelby and Judge Pead as Defendants, p. 5, USDC Colorado Case No. 1:20-cv-00959.

"The reason I recommend you begin with this "Unholy False Prophet" is not just because he is concealing over 50 Felony Crimes associated with the embezzlement of the estates discussed within the matter; he is concealing his "hidden agenda" of utilizing the hundreds of billions of missing tithes and offerings which he has been using in conjunction with his own Law Office of Kirkland Ellis in Chicago wherein any well-known names associated with "The Illuminati" and Senator Mitt Romney are tied together and where the extensive net worth of the LDS Church is ironically being devoted for usage within the context of "Satanic Cults and Secret Societies" which have plagued the world since the beginning of time." Complaint pp. 10-11, Case No. 1:20-cv-00257 USDC Hawaii.

"DOST MINE "PROPHET TO BE" WISH TO REVISE THE PHILOSOPHY OF THE LDS CHURCH THAT FAMILIES ARE FOREVER TO NOW READ THAT IT IS ONLY "THE CELESTIAL ELITE MOBSTA BOSS FAMILIES" WHO HAVE SWORN ALLEGIANCE AND MADE COVENANTS WITH WHAT WILL BE EXPOSED AS THE FUCKING ILLUMINATI WHO "DALLIN DOES DEMONS" WITH AT KIRKLAND ELLIS IN CHICAGO WHICH MAKES "DEBBIE DOES DALLAS" LOOK LIKE A PRINCESS TOSSING PIXIE DUST AND HAPPILY EVER AFTER ENDINGS IN DISNEYLAND COMPARED TO THE "HARDCORE PORNOGRAPHICALLY VIOLENT AND VILE HOUSE OF WHORERS BEING USED TO RAPE, PILLAGE, PLUNDER, AND MURDER ELDERLY MORMON PIONEER FAMILIES AS THIS SHIT FEST OF FREAKING FELONS AT LARGE HAVE DONE UNTO THE HOUSE OF MY FATHER WHICH IS STILL BURNING WITH INNOCENT VICITMS INSIDE YOU FILTHY ASS MEMBERS OF THE CHURCH AND STATE OF THE CORPORATION OF THE FOURTH REICH OF THE ASSASINS OF "GEEZUS KRIST" HIMSELF .. .I CALL FUBAR AND FUGAZI ON YOUR FILTHY MOTHER FUCKING WHORE SOULS AND GODSPEED AND GOD DAMN YOUR SOULS TO HELL FOR THE APPROPRIATE 1,000 YEARS OF JAIL TIME YOU HAVE WORKED SO HARD TO GO SIT IN HELL AND BURN." Complaint, Case 3:20-cv-02747-B-BT Document 3 Filed 09/02/20 Page 25 of 72, U.S. Northern District Texas.

Additionally, the court notes that Mr. Eliason's filings often exceed 100 pages in length, and his motion filings far exceed the page limits under the Utah Rules of Civil Procedure, without court permission as required by the Rules. Mr. Eliason also fails to consistently follow the Rules of Civil Procedure requirement to serve his filings upon the other parties to the case as required by Rule 5.

The court considers all of the foregoing in fashioning an appropriate order under Rule 83(b), to best achieve the purpose of the Rule: "to assure that a document proposed by a vexatious litigant does not consume litigant and judicial resources without demonstrating adequate legal justification." NPEC, LLC v. Miller, 2019 UT App 175, ¶ 3, 453 P.3d 654, 656.

ORDER PURSUANT TO UTAH R.CIV. P. RULE 83(b):

Pursuant to Rule 83(b) of the Utah Rules of Civil Procedure, the court orders Mr. Eliason, whether he is acting on his own behalf, or on behalf of another, to:

(1) obtain legal counsel before proceeding further in this action and in related Case No. 193900932, which action is also assigned to this court, and Mr. Eliason may only file papers, pleadings or motions through legal counsel in this action and in Case No. 193900932;

(2) until such time the court is assured legal counsel for Mr. Eliason will file in compliance with the Rules and will not file vexatious papers, Mr. Eliason's counsel must obtain permission from the court before filing any paper, pleading, or motion in this action and in Case No. 193900932;

(3) strictly adhere to the page limits set forth in the Utah Rules of Civil Procedure, and Mr. Eliason may not ask permission to file an overlength paper in this action and in Case No. 193900932;

(4) obtain legal counsel before filing any future claim for relief in any district court for the State of Utah; and

(5) obtain leave of the court as set forth in Rule 83(e) of the Utah Rules of Civil Procedure before filing any future claim for relief in any district court for the State of Utah.

This is the Order of the Court.

**End Of Order - Signature at the Top of the First Page**

**CERTIFICATE OF NOTIFICATION**

I certify that a copy of the attached document was sent to the following people for case 233902534 by the method and on the date specified.
EMAIL: LORA COOPER LORACOOPER@AGUTAH.GOV
EMAIL: ALEX LEEMAN ALEEMAN@PARSONSBEHLE.COM
EMAIL: HANNAH ECTOR HECTOR@PARSONSBEHLE.COM
EMAIL: BRETT L ELIASON brett.eliason1@gmail.com
EMAIL: GREGORY MOESINGER gmoesinger@kmclaw.com
EMAIL: CHRISTOPHER HILL chill@kmclaw.com

Date: 03/11/24           /s/ KARA PETTIT
_____         _____
                                Signature

IN THE THIRD DISTRICT COURT

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| BRETT L. ELIASON, et al, <br><br> Plaintiffs, <br><br> v. <br><br> ELIASON EIGHT LLC, et al, <br><br> Defendants. | RULE 83 VEXATIOUS LITIGANT ORDER <br><br> Case No. 230908673 <br><br> Judge: Kent R. Holmberg |

Pending before the court is the motion entitled: *MOTION TO RECOGNIZE THAT KIRTON MCCONKIE HAS FRADULENTLY EMBEZZLED THE ESTATE OF MAX AND JOYCE ELYASON AND IS MAKING DESPERATE (sic) FILINGS TO CONCEAL THEIR CRIMES.  NOTHING THEY SUBMIT IN THIS MATTER OR ANY OTHER MATTER IS PERMISSABLE (sic).  AJOINER (sic) OF ALL EVIDENCE SUBMITTED IN FEDERAL CASE NO 2:23-cv-00785."* (hereinafter "Motion") filed by Brett L. Eliason.

*The Motion is stricken from the court record*

The Motion and its exhibits do not contain a statement of the relief requested or the grounds for any relief requested as required by Utah Rule of Civil Procedure 7(b).  As a result, the court is unable to tell what the movant wants from the court.

The Motion is intelligible, and contains unsubstantiated allegations against persons who have not been made parties to this case.  The relevance and purpose of these allegations is not

1

clear and the court is left to conclude that the Motion largely consists of improper content. The court therefore does not accept the Motion for filing and STRIKES THE MOTION FROM THE COURT RECORD because it consists of material which is "redundant, immaterial, impertinent or scandalous." Utah R. Civ. P. 10(h).

*Vexatious Litigant Order*

On March 11, 2024, a *Rule 83 Vexatious Litigant Order* ("Order") was entered in Utah Third District Court Case No. 233902534. The Order made the following determination:

> 1. THE COURT FINDS BY CLEAR AND CONVINCING EVIDENCE BRETT ELIASON IS A VEXATIOUS LITIGANT:
> The court "may find a person to be a 'vexatious litigant' if the person, with or without legal representation ... (B) After a claim for relief or an issue of fact or law in the claim has been finally determined, the person two or more additional times re-litigates or attempts to re-litigate the claim, the issue of fact or law, or the validity of the determination against the same party in whose favor the claim or issue was determined." Utah R. Civ. P. Rule 83(1)(B).

The reasons for this determination included a litany of cases in which Brent Eliason attempted to relitigate the same claims and/or issues of fact or law against the same defendants in 11 separate cases (including this case: Case No. 230908673). The court found:

> Each filing starts with the core that Brett Eliason seeks to attack the Movants for their roles dating back to 2013 in the amending of Max and Joyce's estate planning documents and the subsequent administration of the estates and trusts, including the businesses owned and/or managed by these trusts. Each seeks to wrest control back to Brett of the estates, trusts, and assets of Max and/or Joyce. Each seeks damages against these same Movants for the same claims, relief and harms that were adjudicated in Case No. 190901906. Thus, after the claims for relief, issues of fact or law were finally determined in Case No. 190901906, Brett Eliason on at least 11 occasions attempted to re-litigate the claims, issues of fact or law, or the validity of the determination against the same defendants in whose favor the claims or issues were determined. The court finds by clear and convincing evidence that Brett Eliason is a vexatious litigant as defined in Utah R. Civ. P. Rule 83(a)(1)(B).

The pattern outlined by the court in the Order is, again, being followed by Brett Eliason in this case.

"After a court has issued a vexatious litigant order, any other court may rely upon that court's findings and order its own restrictions against the litigant ... "Utah R. Civ. P. 83(j). This court is following this Rule 83(j) and relying on the Order to order the following restrictions on Brett Elison in this case:

Pursuant to Rule 83(b) of the Utah Rules of Civil Procedure, the court orders Mr. Brett Eliason, whether he is acting on his own behalf, or on behalf of another, to:

(1) obtain legal counsel before proceeding further in this action, and Mr. Eliason may only file papers, pleadings or motions through legal counsel in this action;

(2) until such time the court is assured legal counsel for Mr. Eliason will file in compliance with the Rules and will not file vexatious papers, Mr. Eliason's counsel must obtain permission from the court before filing any paper, pleading, or motion in this action;

(3) strictly adhere to the page limits set forth in the Utah Rules of Civil Procedure, and Mr. Eliason may not ask permission to file an overlength paper in this action;

(4) obtain legal counsel before filing any future claim for relief in any district court for the State of Utah; and

(5) obtain leave of the court as set forth in Rule 83(e) of the Utah Rules of Civil Procedure before filing any future claim for relief in any district court for the State of Utah.

This is the Order of the Court.

Dated this 23th day of May, 2024



Judge Kent Holmberg



## CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 230908673 by the method and on the date specified.

EMAIL: CRAIG MCCULLOUGH CMCCULLOUGH@KMCLAW.COM
EMAIL: BRETT L ELIASON brett.eliason1@gmail.com

Date: 05/23/2024         /s/ MARIANA HERRERA
_____   _____
                                Signature

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF MAX AND JOYCE ELIASON and Max D. Eliason who is a protected person ME,<br><br>    Plaintiffs,<br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS et al.,<br>    Defendants. | VEXATIOUS LITIGANT ORDER<br><br><br>Case No. 2:23-cv-785-TS-CMR<br><br>Judge Ted Stewart |

On May 29, 2024, the Court issued a Vexatious Litigant Order against Brett L. Eliason.[1] The Order provided notice of the filing restrictions and an opportunity for Mr. Eliason to oppose the Order before it went into effect. The Order gave Mr. Eliason ten days to file an objection. On May 30, 2024, he filed two motions, neither of which were an objection to the Vexatious Litigant Order,[2] and the time to file an objection has now lapsed. Accordingly, the Court will enter the following filing restrictions on Mr. Eliason in any case in which he is proceeding pro se, as were previously noticed in the Court's May 29th Order:

 1. Any new civil complaint Mr. Eliason submits to this court will be collected by

 the Clerk of the Court and sent to a Magistrate Judge for review.

---

  [1] Docket No. 109.

  [2] Docket Nos. 112, 113.

2. The Magistrate Judge will then review the complaint to determine whether it is meritorious and should be filed, or whether it is meritless, duplicative, or frivolous.

3. If the Magistrate Judge determines that the complaint is meritless, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief District Judge for further review.

4. Only with the Chief District Judge's consent will the complaint be filed.

5. Mr. Eliason's pleadings must be certified as provided in Fed. R. Civ. P. 11.[3]

DATED June 12, 2024.

BY THE COURT:

TED STEWART
United States District Judge

---

[3] Docket No. 109, at 12.

2